IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAY COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.10-011-SLR |
| | ) |
| CAPITOL POLICE DEPARTMENT OF | ) |
| THE STATE OF DELAWARE, | ) |
| CORPORAL RIVERS MCCREARY, | ) |
| a Capitol Police Officer, and OTHER | ) |
| UNKNOWN AND UNNAMED | ) |
| DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of April, 2010, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the Delaware State Capitol Police is dismissed as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B), and that plaintiff may proceed with the remaining claims, for the reasons that follow:

1. **Background.** Plaintiff Clay Cooper ("plaintiff"), who appears pro se and has been granted leave to proceed in forma pauperis, filed his complaint pursuant to 42 U.S.C. § 1983 for violations of his civil rights.[1]

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

6. **Discussion.** On January 6, 2008, plaintiff's former spouse contacted the Delaware State Police ("State Police") in an attempt to remove their daughter ("LRC") from plaintiff's home. The State Police responded, reviewed the custody and visitation order for LRC, and did not remove the child. The next day, plaintiff and LRC were in the Family Court Building's resource center in Dover, Delaware, waiting to see a commissioner regarding an ex parte protection order as a result of a petition filed by plaintiff for alleged abuse to LRC. Defendant Capitol Police Officer Rivers McCreary ("defendant"), entered the resource center and ordered plaintiff to hand over RLC or she would be physically removed. Plaintiff complied with the demand. (D.I. 2, ¶ 5) Plaintiff alleges that defendant violated the First, Fourth, and Fourteenth Amendments of the United States Constitution, including plaintiff's right to access the courts, his right to be free from unreasonable search and seizure, and his right to due process and equal protection. Also named as defendants are the Capitol Police Department of the State of Delaware ("Capitol Police") and unknown and unnamed defendants. Plaintiff seeks pecuniary, compensatory, and punitive damages.

7. **Eleventh Amendment.** Plaintiff seeks money damages from the Capitol Police. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Where a plaintiff sues a State or State agency for money damages, Eleventh Amendment immunity bars the action. See *Edelman v. Jordan*, 415 U.S. 651, 662-63

(1974). Similarly, where a suit names a State official in his official capacity, the State is the real party in interest and, as a consequence, the Eleventh Amendment immunity applies. See Edelman v. Jordan, 415 U.S. at 662-63. Moreover, a State agency is not a "person" subject to claims under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). While Congress, pursuant to its remedial powers under § 5 of the Fourteenth Amendment, may abrogate a State's Eleventh Amendment immunity, it must clearly state its intent to do so. See Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted). Accordingly, plaintiff's § 1983 claims against the Capitol Police is dismissed.

8. **Conclusion**. For the above reasons, the claims against the Capitol Police are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may proceed against the remaining defendants.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this order to be mailed to plaintiff.

2. When plaintiff learns the identity of the "other unknown and unnamed defendants," he shall immediately move the court for an order directing amendment of the caption and service of the complaint on them.

3. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and provide to the Clerk of Court an **original** "U.S. Marshal-285" form for **defendant Rivers**

**McCreary**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the court with copies of the complaint for service upon defendant McCreary and the Attorney General . Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m)**.

    4. Upon receipt of the form(s) required by paragraph 3 above, the USMS shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form. All costs of service shall be advanced by the United States.

    5. For each defendant who does not return an executed "Waiver of Service of Summons" form within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance. Plaintiff shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 1 and copies of the complaint for service. Upon issuance of the summons by the Clerk of Court, the USMS shall personally serve said defendant(s) and said defendant(s) shall be

required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
UNITED STATES DISTRICT JUDGE